## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RAFAEL SOLIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-08-07-D** |
| | ) | |
| **H. A. LEDEZMA, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution in El Reno, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the petition be summarily dismissed upon filing.[1]

In 1995 Petitioner was convicted in the United States District Court for the Western District of Michigan of conspiracy to import marijuana and conspiracy to possess with intent to distribute marijuana. Petition at 3. Petitioner was sentenced to a 240-month term of imprisonment and a ten-year term of supervised release. *Id.* The Sixth Circuit Court of Appeals affirmed the conviction and sentence.  *Id.* According to Petitioner, he filed a motion pursuant to 28 U.S.C. § 2255 in the trial court which was denied and affirmed on appeal. *Id.* at 2.  Petitioner further states that he unsuccessfully sought permission to file

---

[1]Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241.  *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

a successive petition under § 2255, which was ultimately denied by the Sixth Circuit on November 9, 2001. *Id.* and attached "Memorandum Brief" at 2.

Petitioner alleges in the instant action that the conviction and sentence he received in the Western District of Michigan was obtained in violation of the Fifth and Sixth Amendments. Petition at 4.

<u>Discussion</u>

It is well settled that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion filed pursuant to 28 U.S.C. § 2255 serve separate and distinct purposes. A petition under 28 U.S.C. § 2241 attacks the execution of a sentence and must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* *See also McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. §§ 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence[]"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. *Bradshaw*, 86 F.3d at 166 (citations omitted). Nevertheless, a § 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the § 2255 remedy is "inadequate or ineffective." 28 U.S.C. § 2255. However, this exception is extremely narrow. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be

inadequate or ineffective only in extremely limited circumstances.").[2]  It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the mere failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.  *Bradshaw*, 86 F.3d at 166 (citing *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

 Relying on the decision by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Petitioner contends that his sentence is illegal because because he was tried and convicted on an indictment that did not set forth a specific amount of drugs involved in the offenses.  Petition, attached "Memorandum Brief" at 4. Petitioner alleges that the trial judge sentenced him beyond the statutory maximum based on the judge's findings regarding the amount of drugs involved rather than as determined by the jury.  *Id.*  Although styled as a challenge to the "execution" of his sentence, the petition clearly attacks the validity of the judgment and sentence entered against Petitioner in the Western District of Michigan rather than the execution of his sentence in this district.  Thus, Petitioner's claims can be brought in this Court pursuant to § 2241 only if

---

[2]As the Tenth Circuit explained in *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at*1 n.8 (10th Cir. Jan. 30, 2004) (This and other unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule. 32.1):

> Circumstances where courts have found or suggested the § 2255 remedy is inadequate or ineffective include instances where the sentencing court is abolished at the time petitioner seeks relief, *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964); where the sentencing court refuses to consider the petition or unreasonably delays its consideration, *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); where more than one court has sentenced the petitioner and no single court can accord complete relief, *Cohen v. United States*, 593 F.2d 766, 771 n. 12 (6th Cir. 1979); and where the gate keeping language of § 2255 bars retroactive application of a case that does not state a new rule of constitutional law, *Reyes-Requena v. United States*, 243 F.3d 893, 902 n. 20 (5th Cir. 2001) (allowing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on a showing of actual innocence).

he can show that the remedy under § 2255 is inadequate or ineffective.  *Bradshaw*, 86 F.3d at 166.

Petitioner argues that the Sixth Circuit's denial of his request to file a successive § 2255 motion renders his remedy under §2255 inadequate or ineffective.[3]  However,  the Tenth Circuit has joined the majority of circuit courts of appeal in holding that the mere fact that relief was denied in a prisoner's previous § 2255 motion or that he has been denied permission to file a successive § 2255 motion is insufficient to establish that the § 2255 remedy is ineffective or inadequate.  *See Caravalho*, 177 F.3d at 1178-79 (finding that § 2255 was not ineffective or inadequate where prisoner alleged that § 2255 relief was no longer available to him due to the one year limitation period set forth by the AEDPA and specifically holding that the fact that a petitioner "may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective."); *Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.").

In *Patel v. Morris*, No. 01-6447, 2002 WL 1166336, at *2 (10th Cir. June 4, 2002) (unpublished decision), and *Beltran-Felix v. Peterson*, No. 02-6192, 2002 WL 31839855

---

[3]Under the restrictions placed on second or successive §2255 motions by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 104, 110 Stat. 1214 (1996), (AEDPA), a federal appeals court may authorize the filing of a successive § 2255 motion in the district court only if a petitioner makes a prima facie showing that his claim relies on either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the underlying offense; or (2) a new rule of constitutional law that was previously unavailable has been made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. §§ 2244(b)(3)(C) and 2255.  It appears that Petitioner's unsuccessful attempt to file a successive § 2255 motion in the Sixth Circuit likewise relied on an alleged sentencing error in violation of the Fifth and Sixth Amendments based on *Apprendi*.

(10th Cir. Dec. 19, 2002) (unpublished decision), both federal prisoners similarly invoked

28 U.S.C. § 2241, claiming that their indictments had not stated the drug quantities.  The

petitioners argued that they could not have asserted their claims prior to the Supreme

Court's decision in *Apprendi v. New Jersey*.  *Patel v. Morris*, 2002 WL 1166336, at *2;

*Beltran-Felix v. Peterson*, 2002 WL 31839855, at *1.  In each case, the Tenth Circuit Court

of Appeals rejected the theory, reasoning that the failure to obtain relief under Section

2255 does not render the section inadequate or ineffective.  *Patel v. Morris*, 2002 WL

1166336, at *2; *Beltran-Felix v. Peterson*, 2002 WL 31839855, at *1.  In *Patel*, the Tenth

Circuit explained:

> If we adopted [the petitioner's] reasoning, prisoners who might benefit from
> a federal court decision decided after their conviction became final and who
> have already exhausted their first opportunity at a § 2255 motion would be
> granted the opportunity to pursue a § 2241 motion because § 2255 had
> become "inadequate or ineffective" in their case.  However, that would also
> allow those prisoners to avoid the stringent gatekeeping requirements for the
> filing of a second or successive § 2255 petition, which - absent the discovery
> of new evidence - must be limited to situations where there is a "new rule
> of constitutional law, made retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable."  § 2255 ¶ 8(2).  [The
> petitioner's] proposed rule would allow prisoners to raise in § 2241
> proceedings new rules of constitutional law that have not been explicitly
> made retroactive by the Supreme Court.  Such a conclusion would run
> counter to the plain text and structure of § 2255 as well as the intent of
> Congress to restrict second or successive habeas corpus petitions to
> extremely limited situations.

*Patel* v. Morris, 2002 WL 1166336, at *2 (footnotes omitted).

The rationale of *Patel* applies to the instant action.  Petitioner's claim that he has

been denied permission to file a successive § 2255 motion is insufficient to establish that

the § 2255 remedy is ineffective or inadequate.  *See Caravalho*, 177 F.3d at 1178 (finding

that § 2255 was not ineffective or inadequate where prisoner alleged that § 2255 relief was

no longer available to him due to the one year limitation period set forth by the AEDPA); *Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective."); *Myers v. Booker*, No. 00-3232, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) ("the mere fact that Petitioner is precluded from filing a successive § 2255 petition does not render the remedy either inadequate or ineffective"); *Capadona v. Booker*, No. 97-1334, 1998 WL 43166 (10th Cir. Feb. 3, 1998) (finding frivolous petitioner's claim that § 2255 remedy was ineffective because relief under that section was no longer available to him).

Petitioner's assertion that his inability to obtain a review of his *Apprendi* claim violates the Suspension Clause of the United States Constitution also fails. The AEDPA provisions restricting second or successive habeas petitions have been upheld as constitutional. *See Moton v. Utah*, No. 01-4124, 2001 WL 1515855 (10th Cir. Nov. 29, 2001) ("The AEDPA . . . is constitutional.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). *See also Pate*l, 2002 WL 1166336, at *3 (rejecting petitioner's Suspension Clause argument); *Beltran-Felix v. Peterson*, 2002 WL 31839855, at *1 n.1 (same).

In sum, Petitioner is attempting to challenge the validity of his conviction and sentence by a § 2241 action in the district of his incarceration; however, he has failed to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action. Thus, Petitioner's exclusive remedy is a 2255 motion which can only be raised in the court which imposed his sentence, the Western District of Michigan. *See Solis v. Peterson*, No. 02-6225, 2003 WL 203165 (10th Cir. Jan. 30, 2003) (affirming

dismissal of federal prisoner's § 2241 habeas petition raising a retroactive challenge to his sentence under *Apprendi* for lack of jurisdiction).[4]   Accordingly, the undersigned recommends that the petition be dismissed for lack of jurisdiction.  *See Webb v. Booker*, No. 96-1034, 1996 WL 314088 (10th Cir. June 5, 1996).

<u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice.  In light of this recommendation it is also recommended that Petitioner's "Motion for Order to immediately Stay Transfers During Pendency of Habeas Corpus Proceedings" [Doc. No. 3] be denied.  Petitioner is advised of his right to object to this Report and Recommendation on or before the 31st of March, 2008 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Any objections should be filed with the Clerk of this Court.  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 10th day of March, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[4]It appears that Eleazar Solis, one of Petitioner's co-defendants in the Western District of Michigan case, was likewise incarcerated at FCI El Reno and filed a § 2241 habeas petition in this Court challenging the legality of his sentence under *Apprendi*.  *Compare* Petition, attached Exh. A and *Solis v. Peterson*, Case No. CIV-02-169-C (W.D. Okla. June 6, 2002) (dismissing § 2241 petition for lack of jurisdiction).